Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Avenue
Suite 107
Mesa, Arizona 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Jackie Sader-Paquet**, an individual; | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Check Collection of America, Inc.**, a Texas corporation; and **Jane Doe Lea**, an individual; | (Jury Trial Demanded) |
| Defendants. | |

Plaintiff alleges as follows:

## I.  Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA"), and for unreasonable debt collection and invasion of privacy.  In the course

of attempting to collect an alleged debt, Defendants engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA, and took actions which constitute unreasonable debt collection and invasion of privacy under the doctrine enunciated in <u>Fernandez v. United Acceptance Corporation</u>, 610 P.2d 461 (Ariz. App. 1980). Plaintiff seeks to recover actual damages, statutory damages, and punitive damages, as well as reasonable attorney's fees and costs.

## II. Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt.

FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III. Jurisdiction

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. §1337. Venue lies in the Phoenix Division of the District of Arizona as

Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### IV.  Parties

9. Plaintiff is an individual and resident of Maricopa County, Arizona.
10. Plaintiff is allegedly obligated to pay a consumer debt.
11. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).
12. Defendant Check Collection of America, Inc. ("CCA") is a Texas corporation.
13. CCA regularly collects or attempts to collect debts owed or asserted to be owed or due another.
14. In the alternative, CCA regularly collects or attempts to collect debts which it has purchased after default.
15. CCA is a "debt collector" as defined by FDCPA § 1692a(6).
16. Defendant Jane Doe Lea ("Lea") is a collector employed by CCA, whose true name is unknown.
17. Lea collects or attempts to collect debts owed or asserted to be owed or due another.
18. Lea is a "debt collector" as defined by FDCPA § 1692a(6).
19. At all times relevant herein, Lea acted as an agent

of CCA in the collection or attempted collection of an alleged debt from Plaintiff.

### V. Factual Allegations

20. In or before 2004, Plaintiff incurred a debt which resulted from a check returned for insufficient funds in the amount of $200 (hereinafter "Debt")
21. Plaintiff wrote the check for personal, family, and household purposes.
22. Plaintiff filed Chapter 7 bankruptcy in December 2004, and listed the Debt in her schedules.
23. In 2008, Plaintiff attempted to open a bank account with Chase Bank, and was denied based upon the reporting of the returned check by Telecheck Services to one or more consumer reporting agency.
24. Plaintiff contacted Telecheck concerning the returned check, and was told that the check had been assigned or sold to CCA.
25. Upon information and belief, CCA purchased the Debt or was assigned the Debt for collection purposes.
26. Plaintiff contacted CCA to make arrangements to clear the check so she could open a bank account.
27. CCA told her during that call that the balance owed on the Debt was $230, which included fees of $30.
28. This was the first communication from CCA to Plaintiff concerning the Debt.

29. On February 9, 2009, Lea from CCA called Plaintiff concerning the alleged Debt.
30. During this conversation, Lea told Plaintiff that she was sorry Plaintiff had not called sooner because a warrant was out for her arrest, and that Plaintiff will be arrested within two (2) hours if the Debt was not paid immediately.
31. Plaintiff became very upset and worried because of what Lea had told her, and asked Lea whether the arrest could be stopped.
32. Ms. Lea told Plaintiff that unfortunately it was already in the system.
33. Plaintiff immediately called her father in Wisconsin and asked him if he could assist her and pay the Debt to avoid her being arrested.
34. Plaintiff's father agreed to pay the Debt, and called CCA and paid the debt using his credit card.
35. CCA charged $230 on Plaintiff's father's credit card on February 9, 2009 to pay for the alleged Debt.
36. Thereafter, Plaintiff asked CCA for a letter confirming that the Debt had been paid, but CCA refused to provide one.
37. Plaintiff has never received any written communication from CCA concerning the Debt.
38. As a result of Defendants' actions as outlined

|   |   |
|---|---|
| 1 | above, Plaintiff has suffered damages including, but |
| 2 | not limited to, embarrassment, humiliation, fear, |
| 3 | loss of opportunity, and other extreme emotional |
| 4 | distress. |
| 5 | 39. Defendants' actions taken here were intentional, |
| 6 | willful, and in gross or reckless disregard of |
| 7 | Plaintiff's rights and part of its persistent and |
| 8 | routine practice of debt collection. |
| 9 | 40. In the alternative, Defendants' actions were |
| 10 | negligent. |

**VI.   Causes of Action**

**a.   Fair Debt Collection Practices Act**

41. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.
42. Defendants violations of the FDCPA include, but are not limited to, 15 U.S.C. §§ 1692d, 1692d(1), 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g.
43. As a direct result and proximate cause of Defendants' actions, Plaintiff has suffered actual damages.

**b.   Invasion of Privacy**

44. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.
45. Defendants' actions constitute unreasonable debt

|    |    |
|---|---|
| 1  | collection and an invasion of Plaintiff's privacy |
| 2  | pursuant to the doctrine enunciated in <u>Fernandez v.</u> |
| 3  | <u>United Acceptance Corporation</u>, 610 P.2d 461 (Ariz. |
| 4  | App. 1980). |
| 5  | 46. As a direct result and proximate cause of |
| 6  | Defendants' actions, Plaintiff has suffered actual |
| 7  | damages for which Defendants are liable. |

### VII.  Demand for Jury Trial

Plaintiff hereby demands a jury trial on all issues so triable.

### VIII.  Prayer for Relief

WHEREFORE, Plaintiff requests that judgment be entered against each Defendant for:

a)  Statutory damages of $1,000 pursuant to §1692k;

b)  Actual damages in an amount to be determined by trial;

c)  Punitive damages in an amount to be determined by trial;

d)  Costs and reasonable attorney's fees pursuant to §1692k; and

e)  Such other relief as may be just and proper.

2  RESPECTFULLY SUBMITTED:   August 5, 2009   .

4                 s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Avenue
Suite 107
Mesa, Arizona 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff